Argued April 20, affirmed June 1, rehearing denied July 27, 1920.

## KRAEMER *v.* ALVORD.

(189 Pac. 990.)

**Reformation of Instruments—Reformation of Lease to Provide for Forfeiture of Deposit on Lessee's Breach Held Warranted.**

1. In a suit by lessor after the lessee's bankruptcy to reform the lease to provide for forfeiture of a deposit in event of the lessee's breach, relief *held* warranted, and as it determined the controversy under Section 390, L. O. L., permanent enjoining of the lessee's trustee in bankruptcy from attempting to recover the deposit was proper.

**Reformation of Instruments—Equity may Reform an Instrument Where it Does not Express the Intent, Due to Error of Law.**

2. It is one of the functions of a court of equity to grant relief by reforming an instrument when the writing does not express

what parties mean, and this is true even if a mutual mistake was due to an error of law in the legal meaning or effect of words employed.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.

Plaintiff, Otto J. Kraemer, instituted this suit to reform a written lease and to enjoin an action at law for the recovery of the sum of $2,000, deposited with plaintiff by Philip Gevurtz as liquidated damages in the event the conditions of the lease were broken by the lessee. From a decree reforming the lease and perpetually enjoining the action at law, defendants appealed.

The salient features of the case are as follows: In June, 1910, plaintiff was the owner of two certain lots in the City of Portland upon one of which there was a 10-room dwelling. It was agreed between plaintiff and Philip Gevurtz, according to plaintiff's averments:

"That at said time, it was agreed between the plaintiff and the said Philip Gevurtz, that the said Philip Gevurtz should lease from plaintiff the aforesaid premises for a period of five (5) years; that plaintiff should erect on the said property a certain three-story brick apartment house, according to plans and specifications to be approved by the said Philip Gevurtz; that the rental for the premises aforesaid should be the sum of four hundred and sixty-four ($464.00) dollars per month in advance, during the term of the proposed lease; that at said time, the plaintiff and the said Philip Gevurtz agreed that there should be no personal liability on the part of the said Philip Gevurtz under the proposed lease, and that the said Philip Gevurtz might abandon the premises or terminate the proposed lease at any time, and that in lieu of the aforesaid personal liability and in consideration of the waiver by plain-

tiff of the said personal liability, and in considera-
tion of giving the said Philip Gevurtz the right to
abandon the aforesaid premises or terminate the
proposed lease at any time, it was agreed that the
said Philip Gevurtz should pay to the plaintiff the
sum of two thousand ($2,000.00) dollars, and that
the said sum of two thousand ($2,000.00) dollars
should stand as fixed and liquidated damages to be
retained by the plaintiff in the event of termination
of the proposed lease by either of the parties thereto,
or in the event of the failure of the said Philip
Gevurtz to perform the covenants of the proposed
lease.''

Plaintiff asserts that by mutual mistake in re-
ducing the agreement to writing, or in drawing the
lease, a provision was omitted expressing the agree-
ment:

''That in consideration of the payment of two
thousand ($2,000.00) dollars as provided in said
lease, there should be no personal liability on the
part of the lessee under the terms of the said lease,
and that the lessee might abandon the aforesaid
premises or terminate the said lease at any time,
and that in the event of a termination of said lease
by the lessor or lessee, said sum of two thousand
($2,000.00) dollars should be retained by the lessor
as fixed and liquidated damages.''

It appears that after the lease was drawn by
plaintiff there was inserted by interlineation, at the
suggestion of the attorney for Gevurtz, in the para-
graph of the lease pertaining to the deposit of the
$2,000, the following clause:

''And shall be the limit of liability of the lessee
because of any breach on his part or the termination
of this on account thereof.''

Plaintiff prays that the lease be reformed so that
the paragraph relating to the $2,000 will read thus:

"In consideration of the payment 'of $2,000 as aforesaid, it is agreed that there shall be no personal liability on the part of the lessee hereunder, and the lessee may abandon the aforesaid premises or terminate this lease at any time, and in the event of a termination hereof by the lessor or lessee, said sum of $2,000.00 shall be retained by the lessor as fixed and liquidated damages."

A portion of the same paragraph, according to the original draft read:

"If, however, the lessee should fail to perform the conditions and covenants on his part to be kept and performed by him, and because thereof, the lessor terminates the lease and the rights of ~~the lessor~~ thereunder, as hereinafter provided, then and in that event shall the two thousand (($2,000.00) dollars aforesaid be forfeited by the lessee to the lessor, as fixed and liquidated damages because of the breach of the covenants of this lease by the lessee."

At the time of remodeling and interlining the lease, the words "the lessor" in the clause last quoted were eliminated by drawing a line through them which made the lease an unusual one, permitting the lessee to terminate the same by forfeiting the $2,000 without further personal liability. In the execution of the lease Philip Gevurtz was acting as the agent of I. Gevurtz & Sons, a corporation which was in May, 1913, adjudged a bankrupt. The defendants, as trustees in bankruptcy of the estate of I. Gevurtz & Sons, commenced the action to recover the $2,000 deposited with plaintiff.

At the time of the execution of the lease, I. Gevurtz & Sons had about a hundred other similar leases which they obtained, mainly for the purpose of furnishing the buildings and then disposing of them. They were "home furnishers."          AFFIRMED.

For appellants there was a brief over the names of *Mr. Bartlett Cole* and *Mr. Chriss A. Bell*, with an oral argument by *Mr. Cole.*

For respondent there was a brief over the name of *Messrs. Chamberlain, Thomas & Kraemer*, with an oral argument by *Mr. Otto J. Kraemer.*

BEAN, J.—1. There is but little conflict in the testimony. What there is pertains to dates and conclusions. The testimony shows almost conclusively that it was agreed between the parties to the lease that, in the event the same was terminated or broken by the lessee the $2,000 should be the property of the plaintiff. This being the case, it determines the controversy, and also the law action, and the Circuit Court was right in perpetually enjoining the latter: Section 390, L. O. L. There is some contention about the terms of the lease being inconsistent after the same is reformed as prayed for, but we think the meaning is entirely obvious.

2. It is one of the functions of a court of equity to grant relief by reforming an instrument when the writing does not express what the parties meant. This is true, even if the mutual mistake was due to an error of law in the legal meaning or effect of certain words employed in writing out the contract: *Richmond* v. *Ogden Street Ry. Co.*, 44 Or. 48, 55 (74 Pac. 333).

The decree of the lower court is affirmed.

                    AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.